HARRIET FARLIN, Plaintiff in Error, *v.* REUBEN LOVEJOY, Defendant in Error.

### ERROR TO COOK.

A note transferred before it is due, to a *bona fide* holder, without notice of a defense, can be recovered from the maker.

THIS was an action of assumpsit upon an indorsed note.

There was a trial in the Circuit Court of Cook county, and a verdict and judgment for the defendant in that court.

The plaintiff below brings the case here on a writ of error. The facts are stated in the opinion of the Court.

HOYNE, MILLER & LEWIS, for Plaintiff in Error.

E. AND A. VAN BUREN, for Defendant in Error.

WALKER, J. The defendant in error drew a bill of exchange on Jesse Terrell, of Boston, for the sum of $3,600, payable in thirty days, and bearing date the 29th of June, 1857. He, at the same time, executed the note sued upon, to D. W. Clark, plaintiff below. Clark and Crane together went to the Metropolitan Bank, and it was there agreed by all the parties, that the bank should take the draft for collection, discount the note executed to Clark, and apply to its payment the first moneys collected on the draft. In pursuance to this agreement, the draft was left with the bank, and the note discounted. Immediately afterwards, Farlin, one of the members of the banking house, went to Boston, and sold the draft before its maturity, and appropriated the proceeds to his own use. Crane, the agent of Farlin, repeatedly applied to the bank to learn whether the draft had been collected, and offered to check against it, for the purpose of paying the note, but was always refused the privilege. After Farlin returned from the East, Crane repeatedly requested him to apply the money received on the draft, to the payment of the note. He admitted the receipt of the money, and promised to give up the note, but never did.

Afterwards, on the 16th of the following October, defendant in error brought suit against Farlin & Mosely, the proprietors of the bank, to recover the money received on the sale of the draft. On the 5th day of November following, he recovered a judgment for the amount, without deducting the note. Before the maturity of the note, plaintiff in error purchased it of the bank, and brought the present suit for its recovery. On the trial below, it was urged, that the sale of the note was only colorable, and the receipt of the money, on the sale of the draft, fully discharged the note.

When the note was negotiated, all parties to the transaction expected that the proceeds of the draft, when collected, would pay and satisfy the note at or before its maturity. If defendant in error had not instituted suit, and recovered a judgment for the money received upon the sale of the draft, and had it appeared that the assignment to defendant in error was only colorable, there could be no reasonable doubt that it would have constituted a defense to the action. On the contrary, he brings his suit, and prosecutes it to a recovery of the whole amount, giving no credit for the amount of the note. By that recovery he clearly manifested an intention to look to Farlin & Mosely for indemnity against the payment of the note. By the suit and recovery, he treated the note as valid and subsisting against him. He looked to the judgment to raise the money to pay the note, or, at any rate, as an indemnity against it. By his recovery, he, in effect, declared that the note was unpaid and without defense, and that it would be paid. It would seem, that no other reasonable explanation can be given, to his acts. If he considered the note as paid, why was it that he failed to give credit for the amount on his claim for the proceeds of the draft ?

There is no evidence in the record showing that the assignment was only colorable. It was indorsed before its maturity, and for aught that appears, in the due course of business. Under the statute, a purchaser of negotiable paper before its maturity, without notice of a defense, is protected. There is no evidence of notice or of such circumstances as should have put the holder on inquiry. As between the parties to the original transaction, there would have been a complete defense to a recovery, but an innocent purchaser is protected. The plaintiff below occupied this position, so far as this record discloses.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*